NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-864

KIM MARIE MIER

VERSUS

RUSTON J. BOURQUE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 76253
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.

Jack Derrick Miller
Attorney at Law
P. O. Box 1650
Crowley, LA 70527-1650
(337) 788-0768
 Counsel for Plaintiff-Appellee:
 Kim Marie Mier
Jermaine Demetrie Williams
Williams & Doran, PLLC
1313 Lafayette Street
Lafayette, LA 70501
(337) 235-3989
 Counsel for Defendant-Appellant:
 Ruston J. Bourque

**PICKETT, Judge.**

The defendant, Ruston J. Bourque, appeals a judgment of the trial court partitioning the property of the community between him and his former wife, the plaintiff Kim Marie Mier.

## STATEMENT OF THE CASE

Ruston J. Bourque and Kim Marie Mier were married on September 25, 1987. Ms. Mier filed a divorce petition on May 9, 2001. A judgment granting the divorce was rendered on April 30, 2002. This judgment terminated the community between the parties retroactive to May 9, 2001, the day the petition was filed. On February 4, 2004, Ms. Mier filed a Petition for Partition of Community Property.

At a hearing on December 7, 2004, the parties began to introduce evidence on the partition petition. Mr. Bourque's attorney, Jermaine Williams, objected to the introduction of certain evidence, and the trial judge, Judge Phyllis Keaty, asked both attorneys to conference with her in chambers. Apparently, during the course of the off-the-record in-chambers discussion, Mr. Williams and the trial judge shouted at one another. Upon returning to the courtroom, the hearing was resumed. Mr. Williams asked the trial judge to recuse herself. The trial judge denied the motion. Mr. Williams then requested a hearing on the recusal motion before another judge. The hearing was continued pending that hearing.

Judge Thomas Duplantier heard the motion to recuse on April 25, 2005. The motion was denied, and the hearing before Judge Keaty reconvened on April 26, 2005. The parties entered into a stipulation on the record whereby each party would keep all movable property in his or her possession, and Mr. Bourque would make an equalizing payment of $2,131.22 for the movable property. The parties also agreed

1

that Ms. Mier owed Mr. Bourque for certain repairs he made to the house they co-owned and certain funds in her possession. The parties agreed that Mr. Bourque would keep the family home. The matters contested at the hearing included whether Mr. Bourque was responsible for one-half of the debt on a Pontiac Firebird in Ms. Mier's possession and whether Ms. Mier was responsible for one-half of the note held by the Bank of Gueydan. The trial judge held the note on the car was a community obligation and the note due to the Bank of Gueydan was a separate obligation of Mr. Bourque. The trial judge ordered Mr. Bourque to make an equalizing payment of $38,494.13. Judgment was signed on June 15, 2005. Mr. Bourque now appeals.

## ASSIGNMENTS OF ERROR

The appellant, Mr. Bourque, asserts three assignments of error:

1. The trial court committed manifest error when it allowed clearly hearsay documents to be admitted into evidence.

2. The trial court committed manifest error by failing [to] assess Appellee any of the liability with regard to the loan at the Bank of Gueydan, which was incurred during the marriage between the parties, while granting Appellee one-half the equity in the assets bought with the monies from that loan.

3. The trial judge committed manifest error by failing to voluntarily recuse herself following the December 7, 2004 off the record verbal altercation with undersigned counsel.

## DISCUSSION

In his first assignment of error, Mr Bourque claims the court erred in allowing hearsay evidence into the record, and then relied on that hearsay evidence in reaching a judgment. "[T]he erroneous admission of inadmissible hearsay is subject to the harmless error analysis." *State v. Perkins*, 97-1119, p. 12 (La.App. 3 Cir. 6/17/98), 716 So.2d 120, 127. "[I]f the inadmissible hearsay evidence is merely cumulative or corroborative of other testimony adduced at trial, its admission is considered

2

harmless." *State v. Howard*, 04-499, p. 7 (La.App. 3 Cir. 11/17/04), 888 So.2d 375, 382, *writ denied*, 04-3216 (La. 4/8/05), 899 So.2d 13.

The record on appeal includes only three documents which were introduced by Ms. Mier in the court below. The first is the note from the Bank of Gueydan which Ms. Mier used to refinance her vehicle and finance her trailer and land. The trial court overruled the objection, finding that the note was a business record and thus an exception to the hearsay rule. Louisiana Code of Evidence Article 803(6) requires that a custodian or other qualified witness must testify that the business record is "made and kept in the course of a regularly conducted business activity[.]" At the hearing on December 7, 2004, when the note was introduced, there was no testimony, and the note should have been excluded as inadmissible hearsay. At the hearing of April 26, 2005, however, a representative from the Bank of Gueydan, Steven Richard, testified about the note issued to Ms. Mier. Mr. Bourque did not object to the testimony of Mr. Richard. The same evidence was properly admitted at the second hearing, and Mr. Bourque suffered no prejudice.

The second document offered at the December 7, 2004, hearing about which Mr. Bourque raised an objection was a GMAC loan statement. Ms. Mier offered the document to show that the loan to GMAC was paid off using funds from the note issued by the Bank of Gueydan and that the corresponding percentage of the note attributable to the car. Again, this is inadmissible hearsay as there was no testimony from a custodian to indicate the statement was a business record. Mr. Richard did testify at the second hearing that the Bank of Gueydan issued a check to GMAC to pay off the car loan using funds from the note issued to Ms. Mier. Thus, the evidence

3

was properly admitted at the April 26, 2005, hearing and Mr. Bourque suffered no prejudice.

The final document offered was the AT&T Visa statement. Mr. Bourque objected to the admissibility of this document at the December 7, 2004, hearing. The trial court overruled the objection. The amount of the debt on this card is not an issue, as both parties included the $7,225.89 balance on their detailed descriptive lists. The only issue before the court was whether the debt was a community obligation or a separate obligation of Ms. Mier. Ms. Mier testified independently of the introduction of the document that the charges on the card were made before the termination of the community. Thus, while this evidence was likewise improperly admitted, it did not prejudice Mr. Bourque.

We find that the introduction of the hearsay evidence in this case is harmless error. The first assignment of error lacks merit.

In his second assignment of error, Mr. Bourque argues that the trial court erred in classifying the note issued by the Bank of Gueydan (crawfish loan) to Mr. Bourque as a separate obligation.

Louisiana Civil Code Article 2360 states:

> An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation.

A trial court's classification of property as community or separate is a factual determination subject to the manifest error standard of review. *Ross v. Ross*, 02-2984 (La. 10/21/03), 857 So.2d 384.

During the marriage, Mr. Bourque secured a line of credit from the Bank of Gueydan to operate a crawfish business. He used the proceeds from this loan to

4

purchase certain equipment included in the detailed descriptive lists and which the parties agreed were community property. The trial court found that the crawfish loan was a separate obligation because Mr. Bourque failed to account for the operation of the business for the four years following the termination of the community.

Louisiana Civil Code Article 2361 states:

> Except as provided in Article 2363, all obligations incurred by a spouse during the existence of a community property regime are presumed to be community obligations.

Mr. Bourque continued to pay interest on the crawfish loan after the termination of the community but did not pay any of the principal. Ms. Mier bore the burden of rebutting the presumption of community. We find Ms. Mier failed to rebut the presumption that the obligation was a community obligation. The outstanding balance at the time of trial was $20,248.34. We find that Ms. Mier is responsible for $10,124.17 of this obligation, and Mr. Bourque's equalizing payment will be reduced by that amount.

In the third assignment of error, Mr. Bourque asserts the trial judge erred by not recusing herself following an argument she had with his attorney at the December 7, 2004, hearing. When Mr. Bourque's attorney, Mr. Williams, continued to raise hearsay objections that are the subject of his first assignment of error, Judge Keaty asked to see counsel in chambers and off the record. When the trial resumed, Mr. Williams asked Judge Keaty to recuse herself because of an argument between them in chambers. Judge Keaty refused to recuse herself, and the argument continued on the record. Mr. Williams moved to appeal the denial of his recusal motion, and Judge Keaty explained that the correct procedure was to file a written motion to be heard before another judge. The trial was continued pending resolution of the recusal

5

motion. Judge Duplantier denied the motion to recuse Judge Keaty on April 25, 2005.

Mr. Bourque contends Judge Keaty should have recused herself pursuant to La.Code Civ.P. art. 151(B)(5), which states:

> B. A judge of any court, trial or appellate, may be recused when he:
>
>> (5) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys to such an extent that he would be unable to conduct fair and impartial proceedings.

In this case, Judge Keaty referred the motion to another judge pursuant to the procedure set forth in La.Code Civ.P. art. 155. The hearing before Judge Duplantier is not in the record on appeal. Mr.Bourque does not argue that the ruling of Judge Duplantier is in error. Thus, his assignment of error lacks merit.

## CONCLUSION

The judgment of the trial court classifying the crawfish loan as a separate debt of Mr. Bourque is reversed. Mr. Bourque's equalizing payment is reduced by $10,124.17. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are assessed equally between the parties.

**REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

6